*1041 OPINION.
Lansdon:
The issues here are fully set forth in our preliminary statement. The evidence indicates that Banta is a man of long and successful experience in the business of manufacturing refrigerators. That he received only nominal payment for his services in years prior to 1920 is not proof that $8,100 was an unreasonable salary for that year. He was the income-creating officer of the corporation and as a result of his work the business became profitable. The obligation to pay was a corporate liability determined in the year in which payment was made. In the light of the evidence we are convinced that $8,100 was a reasonable salary for his services in the fiscal year ended July 31, 1920. Such amount should be deducted from the gross income of the petitioner in that year. Claude A. Prager, 10 B. T. A. 22; Hatzell & Buehler, Inc., 10 B. T. A. 993.
The petitioner admits that it received the amount of $5,381.60 in the year 1922 in settlement of an action for damages terminated in that year and such amount was not reported as income. The only reason offered for this omission is that the officers of the petitioner believed losses had been sustained greatly in excess of the amount received. This may be true, but the law requires that income from whatever source derived shall be reported.
In the matter of invested capital the petitioner claims that property of the value of at least $190,000 was paid in for stock when it was incorporated in 1912, or that the amount then paid plus subsequent capital additions and earned surplus aggregated that amount in the taxable year. These are allegations of fact that must be established by proof. The petitioner offered no books and the oral testimony based on recollection and information, and doubtless perfectly honest, fails to sustain its contention on this point. Much of the testimony dealt with amounts paid in to a prior business and is obviously without value, since we are concerned only with the actual cash value of the property paid in for stock and the earned surplus subsequently accumulated and undistributed in the taxable years. On the issues relating to gross income in 1922 and to invested capital for all the years here involved, the evidence is not sufficient to overcome the presumption that the determination of the Commissioner is correct.

Decision mil be entered wider Bule SO.